UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

NURSAN METALURJI ENDUSTRISI, A.S.,

              Plaintiff,

                                              Case No.: 07 CIV 7687 (GBD)

-against-

M/V "TORM GERTRUD" her engines, tackle,
boilers, etc. *in rem*, M/V "NEW FLAME" her engines,   **DECLARATION OF**
tackle, boilers, etc. *in rem*,   **JULIAN RICHARD**
A/S DAMPSKIBSSELSKABET TORM, TRANSMAR   **TRIAY, ESQ.**
SHIPPING CO. S.A., GLADIATOR NAVIGATION S.A.,
*in personam*,

             Defendants.

------------------------------------------------------------x

Pursuant to 28 U.S.C. § 1746, JULIAN RICHARD TRIAY, declares as follows:

1.      I am a partner in the law firm of Triay & Triay, solicitors of Gibraltar, with an office at 28 Irish Town, Gibraltar.

2.      I have been a solicitor in Gibraltar for thirteen (13) years, having been called to the bar (i.e. admitted to practice) in 1994. I have been engaged in general practice ever since, with a specific concentration in maritime and property law.

3.      I make this Declaration in support of the defendant A/S DAMPSKIBSSELSKABET TORM's motion to dismiss the captioned action inasmuch as New York is a not a convenient forum.

4.      The collision of the M.V. NEW FLAME and the M.T. TORM GERTRUD, occurred in Gibraltarian waters on 12 August 2007. Two actions stemming from the collision are now pending in the courts of Gibraltar: Claim No. 2007/AJ-03 between TORM and the plaintiff herein, as owners of the cargo on board the NEW FLAME, and Claim No. 2007/A.J/002 between TORM and the owners of the NEW FLAME. Messrs Triay and Triay are instructed as

legal advisers to TORM in both actions and I have conduct of both actions, assisted by Edward Morland.

5. With respect to the collision, I attach hereto as Exhibit "A" a true and correct copy of the Government of Gibraltar's Press Release No. 177/2007 issued on 12 August 2007.

6. On 12 August 2007, the movements of the NEW FLAME and the TORM GERTRUD were being tracked by radar by the UK Ministry of Defence Maritime Data Centre, Windmill Hill Signal Station located in Gibraltar. Real time records of those radar observations are maintained by the Maritime Data Centre

7. Following the collision, the Captain of the NEW FLAME was arrested in Gibraltar and charged with a violation of Gibraltarian maritime law, specifically Section 101 E of the Merchant Shipping Act. If convicted, he could face a £2000 fine and/or two years imprisonment.

8. With respect to the collision, I attach hereto as Exhibit "B" a true and correct copy of the letter sent to me by Mr. Tony Nation, Maritime Administrator for the Gibraltar Maritime Administration Government of Gibraltar, dated 29th November 2007, concerning the official Gibraltar investigation. As can be seen therefrom, a formal report of that governmental investigation will issue in due course.

9. As part of the official governmental investigation, various officer and crewmembers of the NEW FLAME were duly questioned/interviewed by officials of the Gibraltar Maritime Administration. In addition, various NEW FLAME officers and crew were interviewed by The Royal Gibraltar Police. Similarly, as part of the official investigation, the Gibraltan Maritime Administration boarded the TORM GERTRUD and duly questioned its officers and crewmembers.

10. With respect to the two actions now pending in the courts of Gibraltar, (referred to in ¶ 4, supra) the law and procedure of Gibraltar will apply. Gibraltar law closely follows the law of England, while procedurally, section 6 of the Gibraltar Supreme Court Rules provides that where no other provision is made by the Rules or by any Act of the Gibraltar Parliament or any other regulation, the rules from time to time in force in the English High Court relating to admiralty actions shall apply to all civil proceedings in Gibraltar. I confirm the there is no enacted provision in Gibraltar regulating the proceedings of this nature and so the English Civil Procedure Rules apply to the proceedings in Gibraltar. The Gibraltarian courts are fully empowered to issue subpoenae to compel the attendance of any unwilling witnesses. Indeed, the subpoenae power of the court is commonly invoked. The cost of such subpoenae is *de minimis*.

11. The trial of the two actions will be without a jury. I estimate that the respective trial in each case can be held within twelve (12) months. The relevant fact witnesses for these actions include, *inter alia*, the divers,, surveyors, inspectors, salvors, tug crews and UK Defence Ministry personnel, as well as the respective crews and officers of the NEW FLAME and TORM GERTRUD.

12. Additionally, Government investigators' reports will be available as evidence. Whilst section 12 Gibraltar Merchant Shipping (accident Reporting and Investigation) Regulations 2006) provides that the witness statements, records and reports collected by investigators on which their reports are based, should not be used for purposes other than the investigation, section 12(3) of this Regulation provides that the Court may make an order for their disclosure if the interests of justice outweigh any prejudice to the investigation, future investigations or relations with another state. It is submitted that the Courts ability to order disclosure of records of investigation would include the ability to call the accident investigators as witnesses, if necessary.

3

Such an order is much more likely to issue for cases being heard in Gibraltar, where the judge is empowered to summon the makers of the report to provide clarification thereof.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: December 5, 2007
Irish Town, Gibraltar

_____
JULIAN RICHARD TRIAY

X:\Public Word Files\0179\Legal\Declaration Triay (Final).doc