UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NURSAN METALURJI ENDUSTRISI A.S.,

              Plaintiff,

  - against -

M/V "TORM GERTRUD" her engines, tackle, boilers,
etc. in rem, M/V "NEW FLAME" her engines, tackle,
boilers, etc. in rem, A/S DAMPSKIBSSELSKABET
TORM, TRANSMAR SHIPPING CO. S.A.,
GLADIATOR NAVIGATION S.A., in personam,

              Defendants.
-----------------------------------------------------------------X

07 CIV 7687 (GBD)

ECF CASE

### ATTORNEY AFFIDAVIT OF PATRICK F. LENNON
### IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT
### TORM'S MOTION TO DISMISS THE VERIFIED COMPLAINT

State of Connecticut  )
                     )   ss: SOUTHPORT
County of Fairfield  )

    Patrick F. Lennon, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's Opposition to the Motion to Dismiss filed by Defendant A/S DAMPSKIBSSELSKABET TORM ("Torm").

    2.    Plaintiff Nursan entered into a Sales Contract with Sims Group Global Trade Corporation ("Sims") for the sale and purchase of a consignment of scrap metal (the "cargo").

    3.    The Sales Contract provides for disputes arising between the parties to be resolved exclusively in New York. *See* Exhibit "1" annexed hereto.

4. At all material times, the M/V NEW FLAME was under a time charter between the owners of the vessel, Defendant Gladiator Navigation S.A. and the charterer, E,D&F Man. The vessel was, in turn, sub-chartered by E,D&F Man to Sims. *See Exhibit "2" annexed hereto.*

5. A "clean on board" Bill of Lading dated July 31, 2007 was issued by New England Shipping Co. (the ship's agent) on behalf of the Master and the Owner of the Vessel, Gladiator Navigation S.A., to Sims Group Global Trade Corporation to Nursan at the Port of New York. *See Exhibit "3" annexed hereto*

6. The Bill of Lading incorporates by reference the terms and conditions set forth in the E,D&F Man / Sims charter party, including the law and jurisdiction clauses therein, and thus is subject to the U.S. Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. 1300, *et seq.,* by operation of law and contract. Accordingly, Plaintiff is required to bring claims arising out of the carriage of the steel and the loss or damage to the cargo in the U.S.

7. After the scrap metal cargo was loaded at the Port of New York, the M/V NEW FLAME was steaming toward Turkey, for intended discharge at the port of Iskenderun/Turkey. The M/V TORM GERTRUD, owned and operated by the Defendant, A/S Dampskibsselskabet Torm ("Torm"), was steaming from Europe to the East Coast of the United States. On or about August 13, 2007, the M/V TORM GERTRUD and the M/V NEW FLAME collided in the vicinity of Gibraltar.

8. The collision between the M/V TORM GERTRUD and the M/V NEW FLAME resulted in the serious damage to the M/V NEW FLAME. Eventually, the, Defendants Gladiator Navigation S.A. and, Transmar Shipping Co. S.A., the owner and manager, respectively, of the M/V NEW FLAME, were forced to abandon the voyage. As a result of the collision, four of the

five holds of the M/V NEW FLAME were flooded such that plaintiff's scrap steel cargo contained therein was lost or damaged.

9.  As a further result of the collision, Plaintiff's cargo carried in the holds of the M/V NEW FLAME has not been delivered. As a still further result of the collision, Plaintiff will face claims in salvage for recovery of the cargo by salvors.

10. The Defendant, Torm, has numerous jurisdictional contacts within this District. My investigation into Torm's jurisdictional contacts, made without the aid of formal discovery in this proceeding, revealed the following:

    a.  Torm is listed on the NASDAQ stock exchange - see http://quotes.nasdaq.com. A copy of its stock quote is attached hereto as *Exhibit 4*.

    b.  Torm's website (http:// www.torm.dk.com) lists Torm as having a business office in Stamford, Connecticut. A copy of Torm's "Contacts" page from its website is annexed hereto as *Exhibit 5*.

    c.  A search of the Southern District of New York docket on the ECF system (www.nysd.uscourts.gov) reveals that Torm is a plaintiff in 5 cases and a defendant in 16 cases. A Copy of the SDNY website pages are annexed hereto as *Exhibit 6*.

    d.  A search of the website of the law firm White & Case (http://www.whitecase.com), which represents Torm in relation to its acquisition of website OMI Corp., reveals that the deal whereby Torm acquired OMI was signed on April 17, 2007, and that "this will ensure Torm's presence in the American market." A copy of the White & Case statement is annexed hereto as *Exhibit 7*.

    e.  A search of the website of the ship classification society Det Norske Veritas ("DNV Exchange - https://exchange.dnv.com) reveals that Torm owns a fleet of 19

commercial cargo vessels and operates an additional 27 such vessels. Torm's website Announcement No. 19-2007 dated August 3, 2007 states that, after the takeover of OMI, Torm now has increased its vessel size to 85. A copy of the DNV website pages and Torm's announcement are collectively annexed hereto as *Exhibit 8*.

      f.    A search of the District of Connecticut docket located at website ctd.uscourts.gov shows Torm currently listed as a defendant in one case bearing docket number: 07-01381 where Torm has not contested the court's exercise of personal jurisdiction over it. A copy of the listing is annexed hereto as *Exhibit 9*.

      g.    Torm has appointed Allon & Caron as its corporate communications, investor relations and media relations agency for North America. Allon & Caron maintains an office in New York City. Klaus Kjaerulff, CEO of Torm states: "We intend to expand our communications with the US investment audience significantly over the coming months." This news release gives contact information at Allen & Caron at a 212 area code telephone number, the area code for N.Y. City. A copy of the press release from PRNewswire dated June 9, 2007 (http://www.prnewswire.com) is annexed hereto as *Exhibit 10*.

Dated:    January 22, 2008
            Southport, CT

                                                            Patrick F. Lennon

Sworn and subscribed to before me
This 22nd day of January 2008.

_____
Notary Public

## AFFIRMATION OF SERVICE

I hereby certify that on January 22, 2008, a copy of the foregoing Attorney Affidavit of Patrick F. Lennon was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

*[signature]*
Patrick F. Lennon