## UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK

<u>CASE NUMBER '07 CIV 7687</u>

**BETWEEN**

### NURSAN METALURJI ENDUSTRISI A.S.

<u>Claimant</u>

**-and-**

### MV "TORM GERTRUD" IN REM,
### MV "NEW FLAME" IN REM,
### ET. AL.

<u>Defendants</u>

---

### AFFIDAVIT

---

I, **KEITH AZOPARDI,** Barrister at law of 39 Irish Town, Gibraltar **MAKE OATH** and **SAY AS FOLLOWS:**

1.   I am a Partner of Attias & Levy, the Solicitors for Nursan Metalurji Endustrisi A/S ("Nursan") the Claimant in the above action and I am duly authorised to make this Affidavit on its behalf for use in this action.

2.   I was admitted to practice as a Barrister-at-law at the Supreme Court of Gibraltar and to the Bar of England & Wales in 1990 and have substantial experience of litigation in the Courts of Gibraltar at all levels. I am the head of litigation at Attias & Levy with my own

1

litigation practice having an emphasis on commercial, maritime, financial services and public law litigation.

3.    I make this Affidavit to provide this Honorable Court with background information as to the current state of the actions in Gibraltar and other ancillary information.

**THE STATE OF THE ACTIONS**

4.    On the 31st August 2007 the Owners of the Torm Gertrud, namely A/S Dampskibsselskabet ("Torm") issued *in rem* proceedings against the Owners of the Cargo aboard the New Flame, namely Nursan. This was served in accordance with procedural rules in Gibraltar on the Captain of the Port. However this did not come to Nursan's attention until mid October when I was contacted by Nursan's English agents, Dolphin Maritime, who informed me of the issue of the writ. I was thereupon instructed to file a challenge to jurisdiction.

5.    Our application to contest jurisdiction was filed on the 6th November 2007.

6.    Torm in turn filed an application for an anti-suit injunction on the 10th November 2007 seeking a restraint of Nursan's US proceedings in this action and seeking to prevent Nursan from litigating its cargo claim other than in Gibraltar. On the 19th December 2007 Torm issued limitation of liability proceedings in Gibraltar against Nursan and Gladiator Navigation SA.

7.    A hearing was scheduled for 12th December 2007 for the Gibraltar Court to consider the jurisdictional points and the anti-suit applications. For

diary reasons this had to be re-scheduled by the Court Registry of Gibraltar and the respective applications and cross-applications were given a new hearing date of the 8th January 2008.

8.     As is customary under Gibraltar procedural rules and before the hearing of the case Skeleton Arguments (what in the United States would be termed Memoranda of Law) are exchanged between Counsel on the legal position to be taken by each party on the hearing of the application. These were cross-served on the 4th January 2008.

9.     After exchange of Skeleton Arguments we received a communication from the Solicitors for Torm informing us that Torm had earlier that day issued an *in personam* Claim Form against Nursan in anticipation of the jurisdictional point that Nursan might take.

10.     On the 7th January 2008, the day before the hearing, we received a further communication from counsel for Torm informing us that our objection to the jurisdiction of the *in rem* action would be conceded but that Torm would seek an Order from the Court that the application for Permission to serve the *in personam* claim form out of the jurisdiction proceed on an inter partes basis and that the Court then consider the forum non conveniens arguments filed by both parties as well as the anti-suit injunction filed by Torm.

11.     Torm required permission of the Court to serve that *in personam* claim form out of the jurisdiction. They stated to us they would seek to make such an application on the 8th January.

12.     After a short hearing on the 8th January, Mr Justice Dudley dismissed Torm's *in rem* action with costs in our client's favour. The Honourable

Judge also declined to hear the application for Permission to serve the *in personam* Claim Form on an inter partes basis.

13.     The effect of the dismissal of the *in rem* proceedings filed by Torm is that neither it nor the anti-suit injunction application filed within it are any longer before the Gibraltar Court. A fresh application for an anti-suit injunction would have to be filed in the *in personam* action if the Court in Gibraltar has given leave to serve this out of the jurisdiction.

14.     I am aware that the Court was to consider the permission application on an ex parte basis on 8th January but I am unaware whether permission has been obtained. If permission has been obtained the *in personam* Claim Form needs to be served on Nursan in Turkey.

15.     On receipt of the same Nursan will then have a period of time under our procedural rules to acknowledge service and consider its position. My instructions until now have been clear, namely that Nursan wish to litigate their cargo claim in the United States and that the company does not submit to the jurisdiction of the Gibraltar Courts.

16.     Now produced and shown to me marked **KA1** is a bundle containing true copies of the following;

        (1)     Claim Form in the *in rem* action issued on 31st August 2007;
        (2)     Application to contest jurisdiction in the *in rem* action;
        (3)     Application for an anti-suit injunction in the *in rem* action;
        (4)     Limitation Claim Form issued by Torm;
        (5)     *In personam* Claim Form issued by Torm issued on 4th January 2008;
        (6)     Copy Order of Mr Justice Dudley of the 8th January 2008.

17.    In the circumstances that I have outlined above it is clear that given the dismissal of the *in rem* action it is Nursan's US action (this one) that is the most procedurally advanced given that it has a comfortable (almost five month) lead over the Gibraltar *in personam* action and it is the US Court that is the Court first seized with the issue of liability in relation to the Cargo Claim.

## OTHER ISSUES

18.    Apart from the issues mentioned above in relation to the status of the *in rem* and *in personam* actions I set out below some comment on costs, practice and procedure, state of the collision investigation and likely timescale should the *in personam* case in Gibraltar proceed to Trial which might be of use to this Honourable Court in the determination of the applications before it.

## A.  WITNESSES AND INVESTIGATION EVIDENCE

19.    The cargo was loaded in New York and was bought by Nursan from US suppliers. If there are any issues as to the condition of the steel when it was loaded/shipped these would be matters in relation to which US evidence would be most pertinent.

20.    The collision is being investigated in Gibraltar by the port authorities and these will produce a report. Evidence of that report and investigation can be given in any jurisdiction with relative ease. While it is accepted that it will be easier for Gibraltar Government officials to give evidence in Gibraltar these can also (if their expenses are underwritten) easily give evidence in another jurisdiction. It should be noted however that

the Government have just published the report into the grounding of the Greek Tanker the *Samothraki* which occurred in a similar spot off Europa Point earlier in 2007 and that report carries a clear rider on its face that

> "this report is not intended to be used for the purposes of litigation. It endeavours to identify the relevant safety issues pertaining to the accident and make recommendations aimed at preventing similar accidents in the future."

21.     That qualification would have to be absent from the expected New Flame report for this to be available for use in any proceedings.

22.     As for the displacement of other witnesses given that none of the parties are local it matters little to which jurisdiction any party needs to send witnesses.

23.     Indeed in relation to the salvage operation itself it is worth mentioning that the Gibraltar Government recently announced that a United States company, Titan salvage, would carry out the wreck removal operation. Clearly any evidence in relation to the same is easily available to US Courts because this is a United States company.

## B.  COSTS

24.     The Gibraltar *in personam* Claim Form issued by Torm is for a declaration of non-liability against Nursan. The New Flame Owners are not seeking to litigate their dispute in Gibraltar. Indeed they have agreed to do so in the United States. Given that the US Action will definitely continue against the Owners of the New Flame (whatever happens between Nursan and Torm) it will merely duplicate and heavily increase

costs if the Torm *in personam* action were to continue in Gibraltar or if the US Courts declined jurisdiction against Torm.

## C.  SPEED AND LIKELY TIMESCALE

25.    It should be noted that Torm have been slow in moving within the Gibraltar proceedings and have only done so as a reaction to the US proceedings launched by Nursan. The steps taken by Torm have all been <u>subsequent</u> to the action taken by Nursan namely:

(1)    Nursan's US Action pre-dates the Gibraltar *in rem* and *in personam* actions issued by Torm;

(2)    Nursan's application to contest jurisdiction was filed on the 5th November 2007;

(3)    The application by Torm to seek an anti-suit injunction in the Gibraltar *in rem* action was filed on the 8th November 2007 subsequent to the filing by Nursan of its jurisdictional challenge;

(4)    Proceedings to contest the jurisdiction of the US Courts were only filed by Torm on the 10th December 2007.

(5)    Gibraltar limitation proceedings were only issued on the 19th December 2007. These have as yet not been served.

(6)    Torm's *in personam* action was only issued on 4th January 2008.

26.    In terms of timescale Torm's Gibraltar *in personam* action could not realistically proceed to Trial before early to mid 2009 with judgment

expected a few months thereafter. That could only take place if no preliminary point on jurisdiction is taken by Nursan or if Torm succeed on any jurisdictional objection that is taken by Nursan. If a jurisdictional point is taken then under the procedural rules of Gibraltar the Court determines the jurisdiction points before requiring a Defendant to file its defence. This, in effect, halts the normal process of the action until the Court determines that point. For example the process of ordinary discovery does not take place. If Nursan were to decide to contest jurisdiction of the Torm *in personam* action (if and when they are served) then it is likely that such an objection would not be heard until May or June 2008 this year with a substantive determination possibly taking up to a few months thereafter (should the Court reserve judgement).

**SWORN** by the above-named                    )

Deponent at                    )

)

)

This    18th         day of January 2008    )

Before me

.......................................
**Commissioner for Oaths**

NATALIA VAUGH...
Commissioner for Oath:
12/1 Bell Lane,
Gibraltar
Date ...18 - 1 - 08

8

# UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK

### CASE NUMBER '07 CIV 7687

**BETWEEN**

### NURSAN METALURJI ENDUSTRISI A.S.

**Claimant**

-and-

### MV "TORM GERTRUD" IN REM, MV "NEW FLAME" IN REM, ET. AL.

**Defendants**

---

### EXHIBIT "KA1"

---

This is the paper writing marked **"KA1"** in the Affidavit of Keith Azopardi.

Before me

.....D. VAUGHAN....................

**Commissioner for Oaths**

~~.....~~ VAUGHAN
~~mm~~issioner for Oaths
~~Bell~~ Lane,
~~Gibr~~altar
18-1-08



## Claim Form
### (Admiralty claim in rem)

| In the | Supreme Court of Gibraltar |
|---|---|
| | *for court use only* |
| Claim No. | 2007 AJ 3 |
| Issue date | ~~30 August 2007~~ 31/8/07 |

Admiralty claim in rem against

The Cargo on board the New Flame

of the Port of

Panama

Claimant

A/S DAMPSKIBSSELSKABET TORM
Tuborg Havnevej 18
2900 Hellerup
Denmark

Defendant

The Owners of the Cargo on board the MV New Flame

Brief details of claim

The Claimant's claim is for a declaration that they are not liable for any damages or loss suffered by the Defendant as a result of the collision occurring on 12th August 2007 between the MV New Flame and MV Torm Gertrud in Gibraltar Territorial Waters.





AH 42537

The Admiralty Registry within the Royal Courts of Justice, Strand, London, WC2A 2LL is open between 10 am and 4.30 pm Monday to Friday.
Please address all correspondence to the Admiralty Registry and quote the claim number.

ADM1 Claim form (Admiralty claim in rem) (03.02)

| Claim No. | |
|-----------|--|

Particulars of Claim (attached)(to follow)

Statement of Truth

*(I believe)(The Claimant believes) that the facts stated in these particulars of claim are true.

*I am duly authorised by the claimant to sign this statement

Full Name   Edward Thomas Michael Morland

Name of claimant's solicitor's firm   Triay & Triay

signed _____          position or office held   ASSOCIATE

*(Claimant)(Claimant's solicitor)          (if signing on behalf of firm or company)

* delete as appropriate

Triay & Triay                          Claimant's or claimant's solicitor's address to
28 Irish Town                          which documents or payments should be sent if
Gibraltar                              different from overleaf including (if appropriate)
                                       details of DX, fax or e-mail.

e-mail: edward.morland@triay.com
Fax: 44560

# Application Notice

- You must complete Parts A **and** B, **and** Part C if applicable
- Send any relevant fee and the completed application to the court with any draft order, witness statement or other evidence; and sufficient copies of these for service on each respondent

| In the Supreme Court of Gibraltar | |
|---|---|
| Claim no. | **2007 – AJ – No. 3** |
| Warrant no. (If applicable) | |
| Claimant (including ref.) | **A/S Dampskibsselskabet Torm** |
| Defendant (including ref.) | **The Owners of the cargo on board the NV New Flame** |
| Date | **5th November 2007** |

**You should provide this information for listing the application**

1. Do you wish to have your application dealt with at a hearing?

  Yes [X]   No [ ]   If Yes, please complete 2

2. Time estimate  ___3___ (hours) _____(mins)

  Is this agreed by all parties? [X] Yes   [ ] No

  Level of judge   **SUPREME COURT**

3. Parties to be served:   **CLAIMANTS**

---

**Part A**

*1. Enter your full name, or name of solicitor*

I(We)[1] **Attias & Levy**          (on behalf of)(the Defendants)(~~the Claimant~~)

*2. State clearly what order you are seeking and if possible attach a draft*

intend to apply for an order

  pursuant to CPR Part 11 for an order that the Court does not have jurisdiction to try this claim or that the Court should not exercise its jurisdiction and for an order in the terms attached hereto.

*3. Briefly set out why you are seeking the order. Include the material facts on which you rely, identifying any rule or statutory provision*

because[3]

  the Defendant contends that:

  (1) There is no jurisdiction to deal with the Claim issued by the Claimant; and/or
  (2) Further/alternatively even if the Court holds that it has jurisdiction that this should not be exercised for the reasons set out in the Witness Statements/Affidavits filed in support of this application and the Skeleton Argument to be filed by the Defendant.

**Part B**

I (We) wish to rely on: *tick one box*

  the attached (witness statement)(affidavit) [ ]          my statement of case [ ]

*4. If you are not already a party to the proceedings, you must provide an address for service of documents*

  evidence in Part C in support of my application [X]

Signed _____   Position or office held *(if signing on behalf of firm or company)* | **Partner**

(Applicant)('s solicitor)(~~'s litigation friend~~)

Address to which documents about this claim should be sent (including reference if appropriate)[4]

| | | if applicable |
|---|---|---|
| Attias & Levy First Floor Suites 39 Irish Town Gibraltar | fax no. | 74986 |
| | DX no. | N/A |
| Tel. no. 72150    Postcode | N/A | e-mail | attlev@gibraltar.gi |

The court office at 30B Town Range is open from 9.30am to 12.30pm and 2.30pm to 4.30pm Monday to Friday and [1st July to 30th September 8.30am to 12.30pm]
When corresponding with the court please address forms or letters to the Court Manager and quote the claim number.

N244 - w3  Application Notice (4.99)                    © Crown Copyright. Published by Sweet & Maxwell

Part C                                    Claim No. | 2007 - AJ - No. 3 |

I (We) wish to rely on the following evidence in support of this application:

    (1)    Witness Statement of        (to follow)

    (2)    Affidavit of Patrick Lennon (to follow)

---

**Statement of Truth**

*The Applicant Believes that the facts stated in this application are true

**Signed** _____    **Position or office held** (if signing on behalf of firm or company)    | Partner |

(Applicant)('s solicitor)('s litigation friend)

                                                      **Date** | 5 | 11 | 67 |

*delete as appropriate

# Application Notice

You must complete Parts A **and** B, **and** Part C if applicable
Send any relevant fee and the completed application to the court
with any draft order, witness statement or other evidence; and
sufficient copies of these for service on each respondent

| | |
|---|---|
| **In the Supreme Court of Gibraltar Admiralty Jurisdiction** | |
| **Claim no.** | **2007/AJ/03** |
| **Warrant no.** (If applicable) | |
| **Claimant** (including ref.) | **A/S Dampskibsselskabet Torm** |
| **Defendant(s)** (including ref.) | **The Owners of the Cargo On board the Motor Vessel New Flame** |
| **Date** | |

**You should provide this information for listing the application**

1. Do you wish to have your application dealt with at a hearing?

    Yes [X]    No [ ]    If Yes, please complete 2

2. Time estimate _3_ (hours) _____ (mins)

    Is this agreed by all parties? [X] Yes [ ] No

    Level of judge _____

3. Parties to be served: _Defendants_

---

### Part A

**1. Enter your full name, or name of solicitor**

We, Triay & Triay                          (on behalf of)(the claimant)

**2. State clearly what order you are seeking and if possible attach a draft**

Apply for an order restraining the Defendant from pursuing proceedings arising from a collision on the 12th August 2007 other than in Gibraltar on the grounds set out in the Witness Statement of Julian Richard Triay of today's date.

**3. Briefly set out why you are seeking the order. Include the material facts on which you rely, identifying any rule or statutory provision**

SET DOWN FOR HEARING:
ON: 12 / 12 / 07
AT: 10.00 am

Achiappa
(-0/) REGISTRAR

### Part B

I (We) wish to rely on: *tick one box*

the attached (witness statement [X]    my statement of case [ ]

**4. If you are not already a party to the proceedings, you must provide an address for service of documents**

evidence in Part C in support of my application [ ]

Signed _William R Wu?_

(Applicant)('s solicitor)('s litigation friend)

**Position or office held** (if signing on behalf of firm or company)  | PARTNER

Address to which documents about this claim should be sent (including reference if appropriate)[4]

| | if applicable | |
|---|---|---|
| Triay & Triay & Triay 28 Irish Town Gibraltar | fax no. | 00350 44650 |
| | DX no. | |
| Tel. no. 72020    Postcode | e-mail | Julian.Triay@Triay.com |

The court office at

is open from 10am to 4pm Monday to Friday. When corresponding with the court please address forms or letters to the Court Manager and quote the claim number.

N244 - w3  Application Notice (4.99)                    © Crown Copyright. Published by Sweet & Maxwell

Part  C                                                        Claim No. | 2007/AJ/03 |

<br><br><br>

| **Statement of Truth** |
| |
| *(I believe)(The applicant believes) that the facts stated in this application are true |

| **Signed** | | **Position or office held** (if signing on behalf of firm or company) | PARTNER |
| | _(Applicant)('s solicitor)('s litigation friend)_ | | |
| | | **Date** | 08/11/07 |

*delete as appropriate



# Claim Form
## (Admiralty limitation claim)

**In the Supreme Court of Gibraltar
Admiralty Jurisdiction**

| | for court use only |
|---|---|
| **Claim No.** | 2007 / P / 11 |
| **Issue date** | 19 / 12 / 07 |



**Claimant(s)**
A/S DAMPSKIBSSELSKABET TORM
Tuborg Havnevej 18
2900 Hellerup,
Denmark

**Defendant(s)**
NURSAN METALURIJI ENDUSTRISI A/S Turkey

AND

GLADIATOR NAVIGATION SA Panama

AND

All other persons being entitled to claim damages by reason of, or arising out of the collision described below.

**Details of limitation claim** *(see also overleaf)*

A claim for limitation as described overleaf

**Named defendant's name and address**
NURSAN METALURIJI ENDUSTRISI A.S
Sanayi Bölgesi Sanayi Sokak No: 3 31900 Payas, HATAY,
Turkey

AND

GLADIATOR NAVIGATION SA
12th Floor, Torre Universal Building, Federico Boy,
Panama 5
Panama

---

The Supreme Court Registry   277 Main Street Gibraltar open between 9 30am and 4.30pm Monday to Friday.
Please address all correspondence to the admiralty registry and quote the claim number.

ADM15 Claim form Admiralty limitation claim (March 2002)                    Crown Copyright. Reproduced by Sweet & Maxwell Ltd

| Claim No. | |
|-----------|---|

## Details of limitation claim *(continued)*

The Claimant claims:

(i)   A Declaration that by reason of the provisions of the Merchant Shipping (Safety etc) Act 1993 that it is entitled to limit its liability if any in respect of damage or loss caused to any goods merchandise or other thing whatsoever on board the Motor Vessel New Flame or loss or damage caused to any other property arising out of the collision which occurred with the Claimants vessel the Motor Tanker Torm Gertrud and the second Defendant's Vessel the Motor Vessel New Flame just off Europa Point, Gibraltar on the 12th August 2007;

(ii)   That it is entitled to a Declaration that the Tonnage of the MT Torm Gertrud for the purpose of this claim is 30,058 Tons;

(iii)   That it is entitled to a Decree that the liability of the Claimants is limited to five million, one hundred thousand, seven hundred and fifty Special Drawing Rights (SDR 5,100,750) And no more with interest at the rate of one per cent more than the base rate quoted from time to time by the Bank of England per annum from 12th August 2007 to the date of Constitution of the Fund herein;

(iv)   That it is entitled to an Order that, upon the Claimants paying into Court the sum of the sterling equivalent of five million, one hundred thousand, seven hundred and fifty Special Drawing Rights together with the aforesaid interest, all further proceedings in any claim or arbitration arising out of the said collision be stayed except as otherwise agreed by the parties and except for the purposes of taxation and payment of costs and that it may be declared that the Claimants are entitled to relief under the Merchant Shipping (safety etc) Act 1993 and the Supreme Court Act against any claim or claims in respect of the collision in the Supreme Court of Gibraltar and that the above named Defendants and all other persons whatever interested in the MV New Flame or other things aboard or having any right title or interest whatsoever with reference to or arising out of the collision be restrained from bringing any claim or claims against the Claimant or the vessel MT Torm Gertrud in respect of the same in any Court other than the Supreme Court of Gibraltar;

(v)   all proper Directions be given by this Court for the ascertainment of the persons who may have any just claim for loss or damage arising out of or caused by the collision;

(vi)   that the said sum may be rateably distributed among the several persons who may make out their claims thereto and that proper directions may be given for the exclusion of such Claimants as shall fail in their claims within a certain time to be fixed for that purpose.

Statement of Truth

*(I believe)(The Claimant believes) that the facts stated in these details of claim are true.

* I am duly authorised by the claimant to sign this statement

Full name JULIAN RICHARD TRIAY

Name of claimant's solicitor's firm:  Triay & Triay, 28 Irish Town, Gibraltar

signed _Julian R Triay_____     position or office held PARTNER

*(Claimant)(Claimant's solicitor)             (if signing on behalf of firm or company)

*delete as appropriate

Claimant's or claimant's solicitor's address to which documents or payments should be sent if different from overleaf including (if appropriate) details of DX, fax or e-mail.

Triay and Triay
28 Irish Town,
Gibraltar
Email julian.triay@triay.com
Fax 44650



**Claim Form
(Admiralty claim)**

| In the Supreme Court of Gibraltar Admiralty Jurisdiction | |
|---|---|
| Claim No. | **2008 AJ No.** ⊙ ⊥ |

**Claimant**
**A/S DAMPSKIBSSELSKABET TORM**
Tuborg Havnevej 18
2900 Hellerup,
Denmark



**Defendant(s)**

**NURSAN METALURIJI ENDUSTRISI  A.S**

Brief details of claim

See overleaf

**Defendant's name and address**
NURSAN METALURIJI ENDUSTRISI
A.S
Sanayi Bölgesi Sanayi Sokak No: 3 31900
Payas, HATAY
Turkey

| | £ |
|---|---|
| Amount claimed | As Attached |
| Court fee | £ 1700.00 |
| Solicitor's costs | / |
| Total amount | £ 1700.00 |
| Issue date | 4/1/08 |

The Admiralty Registry within The Supreme Court, 277 Main Street, Gibraltar is open between 10am and 4.30pm Monday to Friday
Please address all correspondence to the Admiralty Registry and quote the claim number.

**ADM1A –** Claim form (Admiralty action)

| Claim No: | 2004AJ NO. |
|---|---|

Particulars of Claim (attached)(as follows)

**THE CLAIMANT'S CLAIM** is for:

The Claimant's claim is for a declaration that they are not liable for any damages or loss suffered by the Defendant as a result of the collision occurring on 12th August 2007 between the MV New Flame and MV Torm Gertrud in Gibraltar Territorial Waters.

Costs.

**Counsel for the Claimant**

**DATED** this 4th day of January 2008.

---

Statement of Truth
*(I believe)(The Claimant believes) that the facts stated in these particulars of claim are true.
*I am duly authorised by the claimant to sign this statement

Full name   JULIAN RICHARD TRIAY

Name of claimant's solicitor's firm    TRIAY & TRIAY

Signed *(signature)*         position or office held   PARTNER

*(Claimant)(Litigation friend)(Claimant's solicitor)   (if signing on behalf of a firm or company)

*delete as appropriate

---

Triay & Triay
28 Irish Town
Gibraltar

Claimant's or claimant's solicitor's address to
Which documents or payments should be sent if
Different from overleaf including (if appropriate)
Details of DX, fax or e-mail

## IN THE SUPREME COURT OF GIBRALTAR

2007 – AJ – No. 3

**BETWEEN**

### A/S DAMPSKIBSSELSKABET TORM

**Claimant**

-and-

### THE OWNERS OF
### THE CARGO ON BOARD
### THE MV NEW FLAME

**Defendants**

Before the Honourable Mr Justice Dudley, Acting Chief Justice

Tuesday the 8th day of January 2008

**IN COURT**

**UPON HEARING** Richard Southern, one of Her Majesty's Counsel with Julian Triay Esquire of Counsel and Edward Morland Esquire of Counsel instructed by Triay & Triay, Solicitors for the Claimant **AND UPON HEARING** Keith Azopardi Esquire of Counsel with Kenneth Navas Esquire of Counsel instructed by Attias & Levy, Solicitors for the Defendant **IT IS ORDERED THAT** the Action herein be and is hereby dismissed and that the Claimants do pay the Defendants the costs of and occasioned by this Action to be assessed if not agreed.

**REGISTRAR**