422-07
FREEHILL, HOGAN & MAHAR, LLP
80 Pine St.
New York, NY 10005
Ph. (212) 425-1900
Fx: (212) 425-1901
Pete J. Gutowski (PG 2200)
Gina M. Venezia (GV 1551)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NURSUN METALURJI ENDUSTRISI A.S.,<br><br>Plaintiff<br><br>- versus -<br><br>M/V "TORM GERTRUD", her engines, tackle, boiler, etc., *in rem*, M/V "NEW FLAME", her engines, tackle, boilers, etc., *in rem*, A/S DAMPSKIBSSELSKABET TORM, TRANSMAR SHIPPING CO. S.A., GLADIATOR NAVIGATION S.A.,<br>*in personam.*<br>Defendants. | 07-cv-7687 (GBD)<br><br>**DEFENDANT GLADIATOR**<br>**NAVIGATION'S ANSWER TO**<br>**PLAINTIFF'S COMPLAINT** |

Defendant Gladiator Navigation S.A. ("Gladiator"), by its attorneys, Freehill, Hogan & Mahar, LLP, answer Plaintiff's Complaint as follows:

1. The allegations of paragraph 1 state a legal conclusion and thus no response is required. To the extent a response may be required, Gladiator admits that this action is subject to the Court's admiralty jurisdiction.

2. Gladiator denies knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the Complaint.

3. Gladiator denies knowledge or information sufficient to form a belief as to the allegations of paragraph 3 of the Complaint.

4.  Gladiator admits that at the time of the subject collision it was the owner of the M/V NEW FLAME, IMO no. 9077393, which is a Panamanian flag, 1994 steel built ocean-going bulk carrier, and that Transmar Shipping Co. S.A. acted at all times as manager. Gladiator specifically denies that the M/V NEW FLAME will be within the jurisdiction of this Court during the pendency of this action or is otherwise subject to jurisdiction pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure.

5.  Gladiator denies knowledge or information sufficient to form a belief as to the allegations of paragraph 5 of the Complaint.

6.  Gladiator admits that at all relevant times Transmar Shipping Co. S.A. acted as manager of the M/V NEW FLAME and thus as an agent for disclosed principal.

7.  Gladiator admits that it is a business entity organized under the laws of a foreign country with a principal place of business in Panama and was at the relevant time the owner of the M/V NEW FLAME.

8.  Gladiator admits that this action involves Plaintiff's claim for alleged loss and/or damage to its cargo of scrap steel carried on board the M/V NEW FLAME, for an intended voyage from New York to Turkey, which alleged loss and/or damage allegedly arises out of the collision between the M/V NEW FLAME and M/V TORM GERTRUD in the vicinity of Gibraltar on or about August 12, 2007. Gladiator admits that four of the five holds of the M/V NEW FLAME have, over the course of time, become flooded arising from the collision. Gladiator denies knowledge or information sufficient to form a belief as to the condition of the cargo either at the time of delivery or following the collision. With respect to the allegation regarding application of the U.S. Innocent Cargo Rule, no response is required as such is a legal conclusion and is directed at defendants other than Gladiator.

9.  Gladiator denies knowledge or information sufficient to form a belief as to the allegations of paragraph 9 of the Complaint.

10. Gladiator admits that it was the owner of the M/V NEW FLAME on which the subject cargo was carried. Insofar as the allegations of paragraph 10 relate to other entities, Gladiator denies knowledge or information sufficient to form a belief as to the allegations of paragraph 10 of the Complaint.

11. Gladiator admits that as a result of the collision, the M/V NEW FLAME sank and was stranded and that the NEW FLAME abandoned her voyage on or about August 22, 2007. Gladiator denies knowledge or information sufficient to form a belief as to the condition of Plaintiff's cargo or amounts which Plaintiff has paid or may pay. Gladiator denies that the collision was caused or contributed by the fault, negligence, gross negligence, recklessness, or willful indifference of Gladiator or of the unseaworthiness of the M/V NEW FLAME. Gladiator also denies that its actions with respect to the navigation and management and operation of the M/V NEW FLAME violated any applicable laws or regulations.

12. The allegations of paragraph 12 concern application of the U.S. Innocent Cargo Rule, and thus no response is required as such is a legal conclusion and is directed at defendants other than Gladiator

13. Gladiator denies the allegations of paragraph 13 insofar as they relate to Gladiator.

14. Gladiator denies knowledge or information sufficient to form a belief as to the allegations of paragraph 14 of the Complaint.

15. Gladiator denies knowledge or information sufficient to form a belief as to the allegations of paragraph 15 of the Complaint.

16. Gladiator denies all allegations of the Complaint not heretofore specifically admitted.

17. Gladiator denies the allegations of Plaintiff's prayer including without limitation Plaintiff's request for an award for prejudgment interest of 9% and request for attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against Gladiator upon which relief can be granted.

2. Plaintiff is not the real party in interest or proper plaintiff to assert the claims set forth in the Complaint.

3. The shipment described in the Complaint was received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain dock/mate's receipts, bills of lading, tariffs, and/or charters by which the shipper, owner, consignee and holders of said bills of lading are bound. Any loss, damage or shortage to the cargo, was due to a cause or causes for which Gladiator is not liable by virtue of the terms of any such applicable dock/mate's receipts, bills of lading, tariffs, and/or charters and Gladiator is entitled to any and all defenses and rights provided for in same.

4. The shipment described in the Complaint was received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations, exceptions and exonerations of the United States Carriage of Goods by Sea Act ("COGSA"), ch. 229, 49 Stat. 1207 (1936), formerly 46 U.S.C. §1300 *et seq.*, or other U.S. (federal or state) or foreign legislation pertinent to this carriage and/or the General Maritime Law and/or foreign law. Any

loss, damage or shortage to the cargo was due to a cause or causes for which Gladiator is not liable by virtue of the terms of the aforementioned law and/or legislation including without limitation an error in navigation.

5. Gladiator is entitled to exoneration or limitation of liability pursuant to the provisions of the U.S. Limitation of Liability Act, *see, e.g.,* 46 U.S.C. §30505, and/or by the provisions of applicable foreign law providing for vessel owner limitation of liability.

6. The liability of Gladiator, if any and which is specifically denied, is limited by the applicable mate's/dock receipts, bills of lading, tariffs, charters, COGSA, and/or other U.S. (federal or state) or foreign law to an amount calculated on a per package, customary freight unit or other basis.

7. Any loss or damage to the cargo as alleged in the Complaint arose without Gladiator's actual fault or privity and without fault or negligence of its agents or servants for which Gladiator is responsible, and therefore, Gladiator cannot have any liability for such loss or damage.

8. Any loss or damage to the cargo as alleged in the Complaint was caused by or contributed to by other third-parties and/or the unseaworthiness of other vessels, and not by Gladiator or M/V NEW FLAME.

9. Plaintiff has failed to mitigate its damages.

10. Gladiator reserves the right to amend this Answer if and once additional information is obtained through discovery.


W H E R E F O R E , Gladiator respectfully requests that the Complaint be dismissed with prejudice and Gladiator be awarded all costs and expenses incurred in connection with the

defense of this action, and that Gladiator be granted such other and different relief as the Court may deem just and proper.

Dated: New York, New York
       February 11, 2008

                                  Respectfully submitted,

                                  _____
                                  Peter J. Gutowski (PG 2200)
                                  Gina M. Venezia (GV1551)
                                  FREEHILL, HOGAN & MAHAR, LLP
                                  80 Pine Street
                                  New York, New York 10005-1759
                                  Tel: 212 425-1900 / Fax: 212 425-1901
                                  *Attorneys for Defendant Gladiator Navigation*

## CERTIFICATE OF SERVICE

I, GINA M. VENEZIA, certify that I am counsel of record for Defendant Gladiator Navigation, S.A. On February 11, 2008, the within Answer to Plaintiff's Complaint was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Additionally, I served by email a true and correct copy of same upon the following counsel:

| | |
|---|---|
| Patrick F. Lennon | James F. Sweeney |
| Charles E. Murphy | Terry L. Stoltz |
| LENNON, MURPHY & LENNON, LLC | NICOLETTI HORNING & SWEENEY |
| The GrayBar Building | Wall Street Plaza |
| 420 Lexington Ave, Suite 300 | 88 Pine St., 7th Floor |
| New York, NY 10170 | New York, NY 10005 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Torm* |

_____
Gina M. Venezia

Dated: 2/11/08