EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INTERNATIONAL MARINE UNDERWRITERS
a/s/o ANDREW WEIR COMMODITIES LTD.,

        Plaintiff,

- against -

M/V TORM FREYA, her engines, boilers, etc; FREYA NAVIGATION LTD., and A/S DAMPSKIBSSELKABET TORM d/b/a TORM LINES,

        Defendants.
------------------------------------------------------------X

01 CV 6098 (WHP)

DOC # 6

## ANSWER

Defendants, FREYA NAVIGATION LTD. ("Freya") and A/S DAMPSKIBBSSELKABET TORM d/b/a TORM LINES ("Torm"), by their undersigned counsel, as and for their Answer to the Plaintiff's Verified Complaint, allege upon information and belief as follows:

1. Admit that the Plaintiff has alleged an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and have invoked the court's admiralty and maritime jurisdiction and, except as so admitted, denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Complaint.

3. Admit that the Defendants are corporations or other business entities organized and existing under and by virtue of foreign law and that they were and now are engaged in business as common carriers of merchandise by water for hire and that Defendant Freya owned and Defendant Torm chartered the M/V TORM FREYA and, except as so admitted, deny the remaining allegations set forth in Paragraph 3 of the Complaint

4. Admit that the M/V TORM FREYA was and is now a general ship employed in the common carriage of merchandise by water for hire and, except as so admitted, deny the remaining allegations set forth in Paragraph 4 of the Complaint.

5. Admit that on or about October 17, 1999, Plaintiff's subrogor delivered to the Defendants at Takoradi a shipment of containers said to contain bales of processed natural crumb rubber for shipment to Norfolk and New Orleans in consideration of certain agreed freight charges paid or to be paid and that the Defendants agreed to transport and carry the said shipment to Norfolk and New Orleans and to there deliver the same in the same condition as received by them and, except as so admitted, deny the remaining allegations set forth in Paragraph 5 of the Complaint.

6. Deny the allegations set forth in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 of the Complaint.

8. Deny the allegations set forth in paragraph 8 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

10. The Complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

11. At the time suit was commenced in this action or at the time when any loss or damage was sustained by the goods, or at any other material time, the Plaintiff herein was not the real party in interest, and this action is not commenced pursuant to proper authority of subrogation perfected within the Statute of Limitations time period.

### Third Affirmative Defense

12. The said shipment was transported on the said vessel and was discharged and delivered subject to the bill of lading and tariff by which the shippers, owners, consignees and holders of said bill of lading agreed to be and are bound, and were subject also to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936 and/or the Harter Act. Any loss and/or injury and/or damage alleged to have been suffered by the shipment was due to a cause or causes for which this Defendant is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act and/or Harter Act, and/or provisions of the said bill of lading and/or tariff and/or other applicable provisions of the contract of carriage or of law.

### Fourth Affirmative Defense

13. The United States Carriage of Goods by Sea Act provides in section 1304 thereof, among other things, as follows:

"(2) Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from -

* * * * * *

(c) Perils, dangers and accidents of sea or other navigable waters;

(d) Act of God;

(i) Act of omission of the shipper or owner of the goods, his agent or representative;

(m) Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vice of the goods;

(n) Insufficiency of packing;

(p) Latent defects not discoverable by due diligence; and

(q) Any other cause arising without the actual fault of privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault of privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage."

The Defendants claim the benefit of the above-listed defenses.

### Fifth Affirmative Defense

14. The claim sued on is barred by the applicable statute of limitations, 46 U.S.C. 1303(6) and/or the equitable doctrine of laches.

### Sixth Affirmative Defense

15. In the event that any liability is adjudged against the Defendants, then the liability of the Defendants is restricted and limited to U.S. $500 per

package, or in case of goods not shipped in package, per customary freight unit, in accordance with the provision of the United States Carriage of Goods by Sea Act, 46 U.S.C. §1304.

### Seventh Affirmative Defense

16. Any loss, shortage or damage to the aforementioned shipment, which is denied, was caused by the act or omission of the Plaintiff, its agents or representatives and accordingly the Defendants are not liable therefore.

### Eighth Affirmative Defense

17. Any loss or damage to Plaintiff's cargo, which is denied, occurred through the acts or omissions of third parties for whom these Defendants are not responsible.

### Ninth Affirmative Defense

18. Any loss or damage to Plaintiff's cargo, which is denied, was caused and/or contributed to by the Plaintiff, its subrogor, agents or representatives or third parties for whom the Defendants are not responsible, and Plaintiff's claim is therefore barred or, in the alternative, should be reduced in accordance with its proportionate fault.

### Tenth Affirmative Defense

19. This court lacks personal jurisdiction over the Defendants.

### Eleventh Affirmative Defense

20. The Plaintiff and/or its subrogor have failed to mitigate damages.

### Twelfth Affirmative Defense

21. If any loss or damage occurred to Plaintiff's cargo, which is denied,

then such loss or damage resulted from a cause arising without the actual fault or privity of the Defendants and without the fault or neglect of its agents or servants, and accordingly, the Defendants are not liable under the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(q).

### Thirteenth Affirmative Defense

22.   The subject matter of this dispute is referable to arbitration in the City of London, England pursuant to the terms of the contracts of carriage.

### Fourteenth Affirmative Defense

23.   Improper and insufficient service of process on the Defendants.

### Fifteenth Affirmative Defense

24.   The United States District Court for the Southern District of New York is an inconvenient forum, accordingly, this action should be dismissed.

### Sixteenth Affirmative Defense

25.   The United States District Court for the Southern District of New York is an improper venue for this action.

WHERFORE, Defendants FREYA NAVIGATION LTD. and A/S DAMPSKIBSSELKATET TORM pray that the Complaint herein be dismissed together with costs, fees, including reasonable attorneys fess and disbursements incurred in this action or, in the alternative, that this matter be stayed pending the outcome of arbitration in the City of London, and for such other, further or different relief as this Court may deem just and proper.

Dated:     October 5, 2001
               New York, NY

                           The Defendants,
                           FREYA NAVIGATION LTD. and
                           A/S DAMPSKIBSSELSKABET TORM.

                           By: *[signature]*
                           Patrick F. Lennon (PL 2162)
                           TISDALE & LENNON, LLC
                           36 West 44th Street, Suite 1111
                           New York, NY 10036
                           (212) 354-0025
                           (212) 869-0067 fax

## AFFIRMATION OF SERVICE

Patrick F. Lennon, an attorney duly admitted to practice before this Honorable Court, affirms that on this 5th day of October 2001, I served a copy of the foregoing ANSWER via hand delivery, upon the following:

James F. Sweeney, Esq.
Nicoletti, Hornig, Campise & Sweeney
88 Pine Street
New York, NY 10005

*[signature]*
Patrick F. Lennon